# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN D'AMATO AND PAUL D'AMATO, as partners of SISBRO I, SISBRO II, and SISBRO III, | ) ) ) ) | **FILED** |
| Plaintiff, | ) ) | **JANUARY 16, 2008** MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |
| vs. | ) ) | No.   **PH** |
| REGINA LILLIE AND GERALD LILLIE, as partners of SISBRO I, SISBRO II, and SISBRO III, | ) ) ) ) | **08 C 348** |
| Defendant. | ) ) | **JUDGE MANNING MAGISTRATE JUDGE NOLAN** |

## PETITION TO ENFORCE SUBPOENA

Defendants, Regina Lillie and Gerald Lillie, as Partners of Sisbro I, Sisbro II, and Sisbro, III ("Defendants"), by and through their attorneys, Ian Ledlin of Phillabaum, Ledlin, Matthews & Sheldon, PLLC and Christopher M. Heintskill of Levenfeld Pearlstein, LLC hereby moves this Court to enforce the Subpoena for Deposition to Anthony D'Amato and Barbara D'Amato. In support thereof, Defendants state as follows:

1.      On November 9, 2006, Plaintiff filed its Complaint in the Eastern District Court of Washington and known as Case No. CV-06-0314-EFS alleging breach of duty and breach of partnership agreements against Defendants.

2.      On January 2, 2008, Defendants served a Subpoena for Deposition upon Anthony D'Amato and Barbara D'Amato c/o their attorney David G. Duggan.   Copies of the issued Subpoenas for Deposition along with the cover letter to Mr. Duggan is attached hereto as Group Exhibit 1 and made a part hereof.

3.    Barbara D'Amato's deposition is scheduled for January 16, 2008 at 3:00 p.m. and Anthony D'Amato's deposition is scheduled for January 17, 2008 at 9:00 a.m.

4.    After completion of a mediation hearing, many questions arose as to the scope of the D'Amato's subpoenas and Defendants anticipate judicial enforcement will be necessary related to the depositions.

WHEREFORE, Defendants, Regina Lillie and Gerald Lillie, as Partners of Sisbro I, Sisbro II, and Sisbro, III  respectfully requests this Court enforce the Subpoena for Deposition to Anthony D'Amato and Barbara D'Amato.

**REGINA LILLIE AND GERALD LILLIE, AS PARTNERS OF SISBRO I, SISBRO II, AND SISBRO, III**

By:_____
            One of Its Attorneys

Ian Ledlin
Phillabaum, Ledlin, Matthews & Sheldon, PLLC
421 W. Riverside Avenue, Ste. 900
Spokane, WA 99201
T: 509.838.6055
F. 509.625.1909
ian@spokelaw.com

Christopher S. Griesmeyer (ARDC No 6269851)
Christopher M. Heintskill (ARDC No. 6272391)
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Ste. 1300
Chicago, IL 60602
T: 312.346.8380
F: 312.346.8434
cgriesmeyer@lplegal.com
cheintskll@lplegal.com

2

# EXHIBIT 1

PHILLABAUM, LEDLIN, MATTHEWS & SHELDON, PLLC
ATTORNEYS AT LAW
421 W. RIVERSIDE AVENUE, SUITE 900
SPOKANE, WASHINGTON 99201-0418
TELEPHONE: (509) 838-6055 FAX: (509) 625-1909
ian@spokelaw.com

STEPHEN D. PHILLABAUM†
IAN LEDLIN
SHERYL S. PHILLABAUM*
STEPHEN R. MATTHEWS
BRIAN S. SHELDON
KELLY W. PADGHAM

† Admitted in WA, ID, MT, and AZ
* Admitted in WA, ID, and AZ

DONALD C. BROCKETT
OF COUNSEL

January 2, 2008

**Via E-Mail and U.S. Mail**

Mr. David G. Duggan
Law Offices of David G. Duggan
140 S Dearborn Street #1610
Chicago IL 60603

Re:  D'Amato v. Lillie

Dear David:

Please find enclosed Subpoenas for Anthony and Barbara D'Amato; service of which you have agreed to accept.  Thank you for accommodating us in that regard.  Please advise if the D'Amatos will require witness fees and, if so, the mileage they will need to travel.

Sincerely,

IAN LEDLIN

IL:ap
F:\Users\SteveP\docs by client\Lillie\Duggan 1-2-08.wpd
Encl.
c:      Mr. Robert A. Dunn
        Mr. Gerald Lillie
        Ms. Regina Lillie

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

BRIAN D'AMATO and PAUL D'AMATO, as partners of
SISBRO I, SISBRO II, and SISBRO III,

                              Plaintiffs,

v.

REGINA LILLIE and GERALD LILLIE, as partners of
SISBRO I, SISBRO II, and SISBRO III,

                              Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-06-0314-EFS
Eastern District of Washington

**To: Barbara S. D'Amato**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Levenfeld Pearlstein, LLC<br>2 N. LaSalle Street, Suite 1300<br>Chicago, Illinois 60602         (312) 476-7574 | 3:00 p.m.<br>Wednesday, January 16, 2008 |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

　　　　1.　　　Copies of tax returns for PB Investment Co., including K-1 forms, W-2s and all other supporting data for the years 1982 through the present.  Include completed returns and, for the current year, quarterly payment or withholding records.

　　　　2.　　　Copies of all partnership agreements or other agreements relating to any other business entity, except publicly traded companies, in which you hold or held an interest from 1982 through July 18, 2007.

　　　　3.　　　Copies of all tax returns for entities in which you have held an interest (except for publicly traded companies) from 1982 through July 18, 2007.

---

[1]If action is pending in district other than district of issuance, state district under case number.

4.    Copies of all documents relating to Sisbro, Sisbro II, Sisbro III and PB Investment Co., including documents relating to This Lawsuit.

5.    Copies of all correspondence and other documents relating to Sisbro, Sisbro II, Sisbro III and PB Investment Co. between you and Anthony D'Amato, Brian D'Amato, and/or Paul D'Amato.

6.    Copies of all communications and all other documents exchanged between you and/or Paul D'Amato, Brian D'Amato, Anthony D'Amato, Norma Kraus, Regina Lillie, Gerald Lillie, Sisbro, Sisbro II, and Sisbro III or their agents and employees with regard to This Lawsuit.

7.    Copies of all communications and all other documents related to Sisbro, Sisbro II, and Sisbro III sent to Paul D'Amato, Brian D'Amato, Anthony D'Amato, PB Investment Co., and/or to you by Gerald Lillie, Regina Lillie, Norma Kraus, Sisbro, Sisbro II, and Sisbro III, Cathy Nelson, or their accountants, agents and employees from July 1, 1981 through November 8, 2006.

For purposes of this Subpoena, the following terms have the meanings set forth below:

### DEFINITIONS

A.    "Document" or "Documents" means writings of every kind and character pertaining to the designated subject matter, including, without limitation, the original and any copy regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, data compilation, diary, file, note, calendar, newspaper or magazine article, statement, bill, invoice, policy, telegram, correspondence, summary, receipt, opinion, investigation, statement or report, schedule, manual, financial statement, audit, tax return, articles of incorporation, bylaws, stock book, minute book, agreement, contract, deed, security agreement, mortgage, deed of trust, title or other insurance policy, report, record, study, handwritten note, map, drawing, blueprint, working paper, chart, graph, paper, draft, index, tape, microfilm, data sheet, data processing card, computer printout, computer program, computer record, computer file, e-mail, electronically stored information, check, bank statement, passbook, or any other written, typed, printed, photocopied, dittoed, mimeographed, multilithed, recorded, transcribed, punched, taped, filed, photographic or graphic matter, however produced, to which you have or have had access.

B.    "Original" means the document that you received, regardless of whether it is a copy of a document retained by an entity other than you.

C.    "He" or any masculine, feminine, or neuter pronoun means individual, regardless of sex or entity to whom the interrogatory would apply.

D.    "And" and "or" means and/or.

E.    "Relating to" means pertinent, relevant, or material to, evidencing, having bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

F.    "You" or "your" means Barbara S. D'Amato, her employees, agents, and any corporation, partnership, LLC, LLP, and any other business entity in which she held or holds any interest

G.    "This Lawsuit" means the lawsuit of Brian D'Amato and Paul D'Amato v. Regina Lillie and Gerald Lillie, filed in the U.S. District Court for the Eastern District of Washington under case number CV-06-0314-EFS.

### PRIVILEGE

Should the deponent refuse to produce any document requested herein on the grounds of privilege, state for each such document:

A.    The basis for the claim of privilege;

B.    The type of document, the date of the document, and the subject matter of the document;

C.   The name, address, and position of the author of the document and of any person who assisted in its preparation;

D.   The name, address, and position of each addressee or recipient of the document or any copies of it; and

E.   The present location of the document and the name, address, and position of the person having custody of it.

| PLACE | DATE AND TIME |
|---|---|
| Levenfeld Pearlstein, LLC<br>2 N. LaSalle Street, Suite 1300<br>Chicago, Illinois 60602          (312) 476-7574 | 3:00 p.m.<br>Wednesday, January 16, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)*<br>IAN LEDLIN, WSBA #6695, Lawyer for Defendants | December _31_, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br><br>Ian Ledlin, #6695<br>Phillabaum, Ledlin, Matthews & Sheldon, PLLC<br>421 W. Riverside Avenue, Suite 900<br>Spokane, WA 99201<br>(509) 838-6055 |  |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page.)

AO88 (Rev. 12/06) Subpoena in a Civil Case

# PROOF OF SERVICE

| SERVED | DATE | PLACE |
|--------|------|-------|
| | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|------------------------|--|-------------------|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|------------------------|--|-------|
| | | |

# DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct [and that attached hereto is a true and correct copy of the witness fee check tendered herewith].

Executed on: _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. - If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, develop-ment, or commercial information; or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or
(iii) requires a person who is not a party or an officer of a party to incur substan-tial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in

whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stor-ed information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stor-ed information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

F:\Users\SteveP\docs by client\Lillie\Discovery to D'Amato\Deps by Lillie\Subp-Barbara.wpd

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

BRIAN D'AMATO and PAUL D'AMATO, as partners of
SISBRO I, SISBRO II, and SISBRO III,

**SUBPOENA IN A CIVIL CASE**

               Plaintiffs,

Case Number:[1] CV-06-0314-EFS
Eastern District of Washington

v.

REGINA LILLIE and GERALD LILLIE, as partners of
SISBRO I, SISBRO II, and SISBRO III,

               Defendants.

**To:  Anthony A. D'Amato**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Levenfeld Pearlstein, LLC<br>2 N. LaSalle Street, Suite 1300<br>Chicago, Illinois 60602        (312) 476-7574 | 9:00 a.m.<br>Thursday, January 17, 2008 |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

     1.     Copies of tax returns for PB Investment Co., including K-1 forms, W-2s and all other supporting data for the years 1982 through the present.  Include completed returns and, for the current year, quarterly payment or withholding records.

     2.     Copies of all partnership agreements or other agreements relating to any other business entity, except publicly traded companies, in which you hold or held an interest from 1982 through July 18, 2007.

     3.     Copies of all tax returns for entities in which you have held an interest (except for publicly traded companies) from 1982 through July 18, 2007.

---

[1]If action is pending in district other than district of issuance, state district under case number.

4.      Copies of all proposals, offerings, business plans, solicitations, and/or plans or proposals about management fees that you have authored in whole or part relating to the haircutting salon business from January 1, 1980 through July 18, 2007.

5.      Copies of all documents relating to Sisbro, Sisbro II, Sisbro III and PB Investments, including documents relating to This Lawsuit.

6.      Copies of all correspondence and other documents relating to Sisbro, Sisbro II, Sisbro III and PB Investment Co. between you and Barbara D'Amato, Brian D'Amato, and/or Paul D'Amato.

7.      Copies of all communications and all other documents exchanged between you and/or Paul D'Amato, Brian D'Amato, Barbara D'Amato, Norma Kraus, Regina Lillie, Gerald Lillie, Sisbro, Sisbro II, and Sisbro III or their agents and employees with regard to This Lawsuit.

8.      Copies of all communications and all other documents related to Sisbro, Sisbro II, and Sisbro III sent to Paul D'Amato, Brian D'Amato, Barbara D'Amato, PB Investment Co., and/or to you by Gerald Lillie, Regina Lillie, Norma Kraus, Sisbro, Sisbro II, and Sisbro III, Cathy Nelson, or their accountants, agents and employees from July 1, 1981 through November 8, 2006.

For purposes of this Subpoena, the following terms have the meanings set forth below:

<u>DEFINITIONS</u>

A.      "<u>Document</u>" or "<u>Documents</u>" means writings of every kind and character pertaining to the designated subject matter, including, without limitation, the original and any copy regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, data compilation, diary, file, note, calendar, newspaper or magazine article, statement, bill, invoice, policy, telegram, correspondence, summary, receipt, opinion, investigation, statement or report, schedule, manual, financial statement, audit, tax return, articles of incorporation, bylaws, stock book, minute book, agreement, contract, deed, security agreement, mortgage, deed of trust, title or other insurance policy, report, record, study, handwritten note, map, drawing, blueprint, working paper, chart, graph, paper, draft, index, tape, microfilm, data sheet, data processing card, computer printout, computer program, computer record, computer file, e-mail, electronically stored information, check, bank statement, passbook, or any other written, typed, printed, photocopied, dittoed, mimeographed, multilithed, recorded, transcribed, punched, taped, filed, photographic or graphic matter, however produced, to which you have or have had access.

B.      "<u>Original</u>" means the document that you received, regardless of whether it is a copy of a document retained by an entity other than you.

C.      "<u>He</u>" or <u>any masculine, feminine, or neuter pronoun</u> means individual, regardless of sex or entity to whom the interrogatory would apply.

D.      "<u>And</u>" and "<u>or</u>" means and/or.

E.      "<u>Relating to</u>" means pertinent, relevant, or material to, evidencing, having bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

F.      "<u>You</u>" or "<u>your</u>" means Anthony A. D'Amato, his employees, agents, and any corporation, partnership, LLC, LLP, and any other business entity in which he held or holds any interest

G.      "<u>This Lawsuit</u>" means the lawsuit of <u>Brian D'Amato and Paul D'Amato v. Regina Lillie and Gerald Lillie</u>, filed in the U.S. District Court for the Eastern District of Washington under case number CV-06-0314-EFS.

## PRIVILEGE

Should the deponent refuse to produce any document requested herein on the grounds of privilege, state for each such document:

A.    The basis for the claim of privilege;

B.    The type of document, the date of the document, and the subject matter of the document;

C.    The name, address, and position of the author of the document and of any person who assisted in its preparation;

D.    The name, address, and position of each addressee or recipient of the document or any copies of it; and

E.    The present location of the document and the name, address, and position of the person having custody of it.

| PLACE | DATE AND TIME |
|-------|---------------|
| Levenfeld Pearlstein, LLC<br>2 N. LaSalle Street, Suite 1300<br>Chicago, Illinois 60602          (312) 476-7574 | 9:00 a.m.<br>Thursday, January 17, 2008 |

□ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|
|          |               |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| IAN LEDLIN, WSBA #6695, Lawyer for Defendants | December 31, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br><br>Ian Ledlin, #6695<br>Phillabaum, Ledlin, Matthews & Sheldon, PLLC<br>421 W. Riverside Avenue, Suite 900<br>Spokane, WA 99201<br>(509) 838-6055 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page.)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct [and that attached hereto is a true and correct copy of the witness fee check tendered herewith].

Executed on: _____          _____
                                              SIGNATURE OF SERVER

                                        _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. - If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, develop-ment, or commercial information; or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or
    (iii) requires a person who is not a party or an officer of a party to incur substan-tial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in

whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stor-ed information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stor-ed information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

F:\Users\SteveP\docs by client\Lillie\Discovery to D'Amato\Deps by Lillie\Subp-Anthony.wpd